**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52983/52984**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 19, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RITA INEZ TURNER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Annie O. McDevitt, District Judge.

Appeal in Docket No. 52983, <u>dismissed</u>; judgment of conviction and unified sentence of five years with a minimum period of confinement of two years for lottery ticket fraud in Docket No. 52984, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny S. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 52983, Rita Inez Turner pled guilty to aggravated assault, Idaho Code §§ 18-901(b), 18-905(a). In exchange for her guilty plea, an additional charge was dismissed. The district court withheld judgment and placed Turner on probation for a period of five years. Subsequently, Turner admitted to violating the terms of the probation, and the district court consequently revoked the withheld judgment, imposed a sentence of five years with one year determinate, suspended the sentence, and returned Turner to probation.

1

In Docket No. 52984, Turner entered an *Alford*[1] plea to lottery ticket fraud, I.C. § 67-7448. In exchange for her guilty plea, additional charges were dismissed. The district court imposed a sentence of five years with two years determinate in Docket No. 52984, revoked Turner's probation in Docket No. 52983, and retained jurisdiction in both cases. Turner appealed contending that the district court abused its discretion in revoking probation in Docket No. 52983 instead of continuing her on probation. Turner claims the district court abused its discretion in Docket No 52984 by imposing an excessive sentence, namely, by failing to impose a lesser sentence or granting probation. Subsequently, Turner completed the rider program and was placed on probation in both cases.

As an initial matter, the State argues that Turner's claims that the district court should have continued her on probation in Docket No. 52983 and granted probation in Docket No. 52984 are moot because Turner has been placed on probation. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). The only relief Turner has requested on appeal in Docket No. 52983 cannot be granted because Turner has been placed back on probation; the appeal is dismissed as moot. Turner's alternative request for probation in Docket No. 52984 is also moot.

Turner claims the district court should have imposed a lesser sentence in Docket No. 52984. Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing sentence in Docket No. 52984.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Therefore, the appeal from the order revoking probation in Docket No. 52983 is dismissed, and the judgment of conviction and sentence in Docket No. 52984 is affirmed.